UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   vs.<br><br>WESLEY BLACKSMITH,<br><br>          Defendant. | CR. 14-50004-JLV<br>CR. 14-50053-JLV<br><br>ORDER |

**PROCEDURAL HISTORY**

On January 22, 2014, Wesley Blacksmith was charged in a single-count indictment.  (CR. 14-50004, Docket 2).  The indictment charged Mr. Blacksmith with aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(a), 2241(c) and 2246(2).  Id.  On June 17, 2014, Mr. Blacksmith was charged in a three-count superseding indictment.  (CR. 14-50004, Docket 40).  The offenses charged in the indictment were:  count 1, aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(c) and 2246(2); count 2, aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(a) and 2246(2); and count 3, sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2243(a) and 2246(2). Id.

On June 17, 2014, Mr. Blacksmith was charged in a second single-count indictment in a separate case.  (CR. 14-50053, Docket 2).  The indictment charged Mr. Blacksmith with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913.  Id.

The government subsequently filed motions for joinder in both cases. (CR. 14-50004, Docket 56; CR. 14-50053, Docket 16). Previously, the government filed a notice of intent to present evidence under Fed. R. Evid. 414. (CR. 14-50004, Docket 26). The government indicates it will seek to offer the same evidence in Mr. Blacksmith's failure to register as a sex offender case. (CR. 14-50053, Docket 17 at p. 3). Mr. Blacksmith filed briefs opposing the government's motion for joinder under both Fed. R. Crim. P. 8(a) and 14. (CR. 14-50004, Docket 59; CR. 14-50053, Docket 18). In Mr. Blacksmith's case charging him with aggravated sexual abuse and sexual abuse of a minor (CR. 14-50004), he noticed his intent to raise an alibi defense. (CR. 14-50004, Docket 31).

On January 27, 2015, the court appointed Dana Hanna as Mr. Blacksmith's new attorney in both CR. 14-50004 and CR. 14-50053. On the same day, this court granted a continuance in Mr. Blacksmith's failure to register as a sex offender case, and his trial is scheduled for June 9, 2015. (CR. 14-50053, Docket 22). On February 12, 2015, the court granted Mr. Blacksmith's motion for a continuance in his aggravated sexual abuse and sexual abuse of a minor case, and his trial is scheduled for June 9, 2015. (CR. 14-50004, Docket 69).

**FACTUAL SUMMARY**

Resolution of a motion for joinder must be determined from the factual allegations of the indictment and those allegations are to be considered as true.

2

United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (overturned on other grounds).  See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder"); United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989) ("the superseding indictment reveals on its face a proper basis for joinder").

In the motions for joinder, the government's case summaries go beyond the factual allegations of the indictments.  While the defendant did not acknowledge the accuracy of the government's summary of the facts in either case, he also did not object to the summaries and did not argue the summaries would be inappropriate for the court's consideration in addressing the government's motions for joinder or its use of evidence pursuant to Fed. R. Evid. 414.  For purposes of adjudicating the motions only, the court adopts and incorporates the government's statement of the background of the cases.

On January 22, 2014, Mr. Blacksmith was charged by indictment in CR. 14-50004 with one count of aggravated sexual abuse of the alleged victim, C.L.,[1] who had attained the age of 12 but not the age of 16 years and who was at least four years younger than Mr. Blacksmith.  (CR. 14-50004, Docket 2).  On March 21, 2014, Magistrate Judge Duffy placed Mr. Blacksmith on pretrial release.  (CR. 14-50004, Docket 25).  Around May 16, 2014, Mr. Blacksmith absconded from pretrial release.  (CR. 14-50004, Docket 36-2).  On June 17, 2014, a superseding indictment was filed charging Mr. Blacksmith with two counts of

---

[1]Because the alleged victim in this case is a minor, the court uses initials only.

aggravated sexual abuse and one count of sexual abuse of a minor. (CR. 14-50004, Docket 40). C.L. was the alleged victim in all three counts of the superseding indictment. Id. Also on June 17, 2014, as a result of absconding while on pretrial release, Mr. Blacksmith was charged by indictment with failing to register as a sex offender.[2] (CR. 14-50053, Dockets 2 & 17 at p. 2); see also CR. 14-50004, Docket 57 at p. 2.

Because the government's joinder motions are nearly identical in both cases and because the government filed its motion to present Rule 414 evidence in case CR. 14-50004, all further references are to the court's docket CR. 14-50004 unless indicated otherwise.

## ANALYSIS

Federal Rule of Criminal Procedure 8 is the beginning point for the analysis of the government's motions for joinder. That rule provides:

> (a) Joinder of Offenses. The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8.

"[Rule 8(a)] is broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902-03 (8th Cir. 2008) (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir.

---

[2]Mr. Blacksmith is required to register as a sex offender due to a 2002 conviction in this court for sexual abuse of a minor. (CR. 01-50100, Docket 41).

2005); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)). "Rule 8(a) allows joinder not only of crimes of the 'same' character but also those of a 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001) (quoting United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (per curiam) (internal quotation marks and further citations omitted). The United States Court of Appeals for the Eighth Circuit instructs "[j]oinder must be viewed on a case by case basis." Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966). The court may "order that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment." Fed. R. Crim. P. 13.

Federal Rule of Criminal Procedure 14 allows the court to require separate trials "[i]f the joinder of offenses . . . or a consolidation for trial appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a). "Even if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges." United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial . . . ." Id. at 625-26 (citation omitted). "[T]here is a strong presumption against severing properly joined counts. . . . [and] [t]he defendant bears the burden of

5

establishing prejudice." Id. at 626. "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted).

The government's arguments in favor of joinder are threefold. The government claims "[Mr.] Blacksmith's absconding on pretrial release may be considered consciousness of guilt and therefore connected with the sexual abuse case." (Docket 57 at pp. 2-3). The government next asserts that because "evidence of the previous sexual abuse of a minor conviction [CR. 01-50100] is admissible in both cases," "the cases are interconnected due to evidence common to both cases and that there is no prejudice resulting from the joinder of the two cases."³ Id. at 3. The government also asserts joinder of the offenses is appropriate in light of the overlap of witnesses the government must call in each case. Id. at 3-4 (citing United States v. Lane, 474 U.S. 438, 449 (1986) ("[J]oint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.") (internal quotation marks and citations omitted).

---

³The court notes although the government filed a notice of its intent to present evidence under Fed. R. Evid. 414 in CR. 14-50004, (Docket 26), no notice has been filed in CR. 14-50053. See Fed. R. Evid. 414(b).

Defendant objects to the government's motion to join the charges in the separate indictments under both Rule 8 and Rule 14. (Docket 59). Under Rule 8(a), Mr. Blacksmith asserts his cases are so different in character and so temporally removed from one another that they cannot be said to be part of a common scheme or plan or be based on the same transaction of events. Id. at 2. Mr. Blacksmith argues his absconding while on pretrial release is not probative evidence at trial. Id. Under Rule 14, Mr. Blacksmith asserts if his cases are joined, he would suffer severe prejudice in light of his noticed alibi defense. See Docket 27. Mr. Blacksmith argues he would be severely prejudiced by the joinder of his cases because there is no indication that his alleged failure to register as a sex offender would be admissible under Rule 404(b) in case CR. 14-50004 and the introduction of the allegation would not be relevant as it occurred over a year after the conduct alleged in CR. 14-50004. (Docket 59 at p. 3).

Each of the government's arguments in support of its motions for joinder is addressed in turn.

**1.     Mr. Blacksmith Absconding while on Pretrial Release**

The court agrees with the government's reading of United States v. Thompson, namely that it is " 'well established' that evidence of flight 'is admissible and has probative value as circumstantial evidence of consciousness of guilt. . . .' " United States v. Thompson, 690 F.3d 977, 991 (8th Cir. 2012) (quoting United States v. Hankins, 931 F.2d 1256, 1261 (8th Cir. 1991)).

7

However, the government's potential ability to present evidence that Mr. Blacksmith absconded while on pretrial release in case CR. 14-50004 would not necessitate informing the jury that he was separately charged with failure to register as a sex offender as a result of absconding.

The government's reliance on United States v. Gabay is misplaced. 923 F.2d 1536 (11th Cir. 1991). In addition to Gabay constituting only persuasive authority, it is distinguishable from Mr. Blacksmith's cases. In Gabay, the defendant was charged with counterfeiting traveler's checks in violation of 18 U.S.C. §§ 371 and 513. Id. at 1538. Shortly before trial, the defendant left behind a videotape explaining the reasons for his flight and fled. Id. at 1539. The defendant was ultimately found in Venezuela, at which point he was charged with bond jumping in violation of 18 U.S.C. §§ 3146(a)(1) and 401(3). Id. at 1538-39. The Eleventh Circuit held the defendant "absconded soon after his arrest for counterfeiting, the counterfeiting led directly to his custody, and by his own admissions (made in a videotape left behind for the court), his motive for flight was directly related to his impending prosecution for counterfeiting." Gabay, 923 F.2d at 1540. The Eleventh Circuit reasoned "[b]ond jumping and the underlying offense are 'connected together' if they are related in time, the motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense." Id. at 1539-40.

8

The government seeks to extend Gabay one step further. In Gabay, the defendant was charged with bond jumping as a result of absconding while on pretrial release. Mr. Blacksmith was not charged with bond jumping but rather failure to register as a sex offender as a result of his pretrial disappearance. (CR. 14-50053, Docket 2). The government charged Mr. Blacksmith with an *entirely new* substantive offense (failure to register)—not an offense based on his failure to appear at a court proceeding in the underlying case. See 18 U.S.C. § 3146. Where a subsequent charge constitutes an entirely new offense and does not relate back to the original offense, as is the case in a failure to register charge under 18 U.S.C. § 2250(a), the defendant's motive for flight while on pretrial release is of limited import in determining the extent the offenses are "connected together."

A more apt analysis is whether the defendant's motive to commit the subsequent offense was based on an avoidance of prosecution for the original offense. The distinction is important where the defendant is charged with an unrelated offense. The government introduced no evidence demonstrating Mr. Blacksmith's motive for flight or his motive for failing to register. Cf. Gabay, 923 F.2d at 1540 (The court considered a videotape left behind by the defendant explaining the reasons for his flight.).

The court finds Mr. Blacksmith's pretrial bond violation in CR. 14-50004 does not provide a basis for the joinder of his sexual abuse and failure to register as a sex offender cases, CR. 14-50004 and CR. 14-50053.

9

## 2. Federal Rule of Evidence 414

Federal Rule of Evidence 414 provides "[i]n a criminal case in which a defendant is accused of an offense of child molestation, the court may admit that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). "Child molestation" means a crime under federal law . . . involving:

    (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;

    (B) any conduct prohibited by 18 U.S.C. chapter 110;

    (C) contact between any part of the defendant's body—or an object—and a child's genitals or anus;

    (D) contact between the defendant's genitals or anus and any part of a child's body;

    (E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or

    (F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E).

Fed. R. Evid. 414(d)(2); see also Violent Crime Control and Law Enforcement Act of 1994, Pub. L No. 103–322, September 13, 1994, 108 Stat 1796.

The government charged Mr. Blacksmith with failing to register as a sex offender under 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913. (14-50053, Docket 2). Nowhere in Fed. R. Evid. 414(d)'s definition of "child molestation" is there any mention of the substantive elements of failure to register as a sex offender. Compare 18 U.S.C. § 2250(a), with Fed. R. Evid. 414(d)(2).

Fed. R. Evid. 414 specifically includes offenses falling within Chapters 109A and 110.  Fed. R. Evid. 414(d)(2)(A)-(B).  Failure to register as a sex offender falls within Chapter 109B of Title 18.  See 18 U.S.C. § 2250(a).  "A standard axiom of statutory interpretation is *expressio unius est exclusio alterius*, or the expression of one thing excludes others not expressed."  Watt v. GMAC Mortgage Corp., 457 F.3d 781, 783 (8th Cir. 2006) (citing Jama v. INS, 329 F.3d 630, 634 (8th Cir. 2003), *aff'd sub nom.*, Jama v. Immigration and Customs Enforcement, 543 U.S. 335, 341 (2005)).  " '[Courts] do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest.' "  Id. (quoting Jama, 543 U.S. at 341).

The court finds failure to register as a sex offender under § 2550(a) is not properly classified as a "child molestation" case in which evidence relating to Mr. Blacksmith's prior sexual abuse of a minor conviction (CR. 01-50100) is admissible under Fed. R. Evid. 414.  Contrary to the government's assertions, evidence which may be admissible in Mr. Blacksmith's sexual abuse case (CR. 14-50004),[4] is not admissible in his failure to register as a sex offender case (CR. 14-50053).  Under Fed. R. Crim. P. 14, even if the cases were joined in a consolidated trial, Mr. Blacksmith would be severely prejudiced if the government was allowed to present evidence of his prior sexual abuse of a minor

---

[4]Without knowing the age of C.L., the alleged victim, the court reserves ruling on the admissibility of the government's notice of intent to present evidence under Fed. R. Evid. 414 in case CR. 14-50004.  See Fed. R. Evid. 414(d)(1).

11

conviction, as that evidence would otherwise not have been admissible under Fed. R. Evid. 414 in his failure to register as a sex offender case (CR. 14-50053).

### 3. Witness Overlap

The government asserts Mr. Blacksmith's cases must be joined due to overlapping witnesses. (Docket 57 at pp. 3-4). The government provides no documentation in support of its argument. Id. In case CR. 14-50004, Mr. Blacksmith is charged with two counts of aggravated sexual abuse and one count of sexual abuse of a minor. (Docket 40). In case CR. 14-50053, Mr. Blacksmith is charged with failure to register as a sex offender. (CR. 14-50053, Docket 2). Given the nature of the charged offenses, it is certain that the witnesses necessary to prove the failure to register charge against Mr. Blacksmith will differ from those necessary to prove the sexual abuse charges. The court will not grant the government's motion for joinder based on overlapping witnesses.

Having found the government's arguments in support of its motions for joinder are unpersuasive, the court notes the government failed to propound any evidence indicating Mr. Blacksmith's failure to register case (CR. 14-50053) is of the "same or similar character" as his sexual abuse case (CR. 14-50004).[5] See

---

[5] An argument based on a comparison of the substantive elements of aggravated sexual abuse, sexual abuse of a minor and failure to register as a sex offender is untenable. Compare United States v. White Bull, 646 F.3d 1082, 1087 (8th Cir. 2011) (outlining the elements of aggravated sexual abuse under 18 U.S.C. § 2241(c)); and Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc) (outlining the elements of sexual abuse of a minor under 18 U.S.C. § 2243), *overruled on other grounds by* United States v. Aguila–Montes de Oca, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam), *abrogated by* Descamps v. United States, 133 S. Ct. 2276 (2013); with United States v. Senogles, 570 F. Supp. 2d 1134, 1143-46 (D. Minn. 2008) (outlining the elements of failure to register as a sex offender under 18 U.S.C. § 2250(a).

12

United States v. Robinson, 781 F.3d 453, 460 (8th Cir. 2015) ("Two offenses may be charged and tried together if they are of the 'same or similar character.' ") (quoting United States v. Tyndall, 263 F.3d 848, 849 (8th Cir. 2001) (quoting Fed. R. Crim. P. 8(a))).

Mr. Blacksmith's alleged conduct which gave rise to his indictment for failing to register as a sex offender occurred approximately sixteen months after his alleged conduct which gave rise to the sexual abuse superseding indictment. Compare CR. 14-50004, Docket 40 (The charged conduct occurred on or about January 21, 2013.), with CR. 14-50053, Docket 2 (The charged conduct occurred on or about May 22, 2014.). [W]here the offenses are similar in character and occurred over a *relatively short period of time* and the evidence overlaps, joinder is ordinarily appropriate." Robinson, 781 F.3d at 460 (quoting Tyndall, 263 F.3d at 849) (emphasis added)). The Eighth Circuit held:

> [T]he time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined. Indeed, that is why we have referred to a '*relatively* short period of time' between the two offenses. The time period is relative to the similarity of the offenses, and the possible overlapping of evidence.

United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984).

The Rodgers court upheld the joinder of charges of cocaine possession and cocaine possession with an intent to distribute charges despite a twenty-month gap between the alleged offenses. Id. The sixteen-month gap between Mr. Blacksmith's charged conduct is another factor weighing against the joinder of his cases.

13

The court finds Mr. Blacksmith's cases are not properly joined under Rule 8(a). Joinder of Mr. Blacksmith's cases would result in severe prejudice under Rule 14.

## ORDER

Based on the above analysis, it is

ORDERED that the government's motions for joinder (CR. 14-50004, Docket 56; and CR. 14-50053, Docket 16) are denied.

Dated May 4, 2015.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE